# WARDROBE *v.* THE CALIFORNIA STAGE COMPANY.

Damages which are professedly laid for the benefit of the public, cannot be recovered in an action brought by a passenger of a stage-coach against the owners thereof, for injuries sustained by reason of the upsetting of the coach.
When it appears that the coach at the time of the accident was driven by the servant or agent of the owner, the rule in such cases is that the principal is liable only for simple negligence, and that exemplary damages cannot be imposed upon him.

APPEAL from the District Court of the Tenth Judicial District, in the County of Yuba.

Wardrobe, the plaintiff in the Court below, brought this ac-

Wardrobe v. California Stage Co.

tion to recover from the defendants the sum of. five thousand dollars, for injuries sustained by him while a passenger on one of the stage-coaches of defendant.

The Court below gave the instruction to the jury which appears in the opinion, and the jury returned the following verdict, on which judgment was rendered:

"The jury find a verdict for plaintiff, for actual and exemplary damages, in the sum of twenty-five hundred dollars."

*Stephen J. Field* for appellant.

1. The only damages which can be recovered in a civil action are such as are commensurate with the injury alleged to have been sustained; in other words, actual damages. 2 Greenleaf, § 253, note; Whitmore v. Cutter, 1 Gall., 438; Bateman v. Goodyear, 12 Conn., 580; Dain v. Wickoff, 3 Seld., 193; Southard v. Rexford, 6 Cowen, 264.

2. Admitting that other than the actual damages sustained can be recovered in a civil action, as vindictive or exemplary damages, such additional damages cannot be recovered in the present case, for two reasons: First, because the negligence proved is that of the driver of the defendants; and second, because the case is one of simple negligence, in which the elements of fraud, malice, or oppression, do not enter. Sedgwick on Damages, 39; Keen v. Lizardi, 8 La. Rep., O. T., 390; Moody v. McDonald, 4 Cal. R., 297.

3. The Court below erred in instructing the jury that if they believed certain matters, they should find, not only the actual damages sustained by the plaintiff, but they should give additional damages, such as would be an example, etc.

*Charles H. Bryan* for respondent.

The case at bar is a case of gross recklessness and negligence in the commission of acts. The coach was grossly overloaded, and the driver knew the danger, and drove most recklessly.

Malice and wantonness are presumed in such cases.

Malice is defined by Bouvier in his Law Dictionary, page 98, § 2 of Vol. 2, thus: "This term as applied to torts, does not necessarily mean that which must proceed from a spiteful, malignant, or revengeful disposition, but a conduct injurious to another, though proceeding from an ill-regulated mind, not sufficiently cautious, before it occasions an injury to another." Also, 11 Sergeant & Rawles, 39, 40.

Those damages resulting from an injury which are beyond actual damages, such as bodily and mental suffering, and anxiety from wounds, are called exemplary. Cook v. Ellis, 6 Hill, N. Y., 465; Piffo v. Culver, 3 ib., 180; McBride v. McLanglin, 5 Watts, 375; Grave v. Margrave, 3 Scammon, 373; Johnson v. Wedman,

4 ib., 495; Rippey *v.* Miller, 11 Iredell, 247; Whipple *v.* Waldpole, 10 N. H., 130; Sedgwick on Damages, 457 to 465.

The instructions of the Court below, in May *v.* Hanson, passed upon with favor by this Court, are substantially the same as those given here, and the Court has frequently held that they will not set aside the verdict of a jury, unless there be palpable error, and also, that its tendency was to prejudice the minds of the jury.

MURRAY, C. J., delivered the opinion of the Court—TERRY, J., concurring.

On the trial of this cause the Court below instructed the jury that "if they believed the stage was top-heavy and overloaded with passengers, and that with such load it was driven with great recklessness at the time of the disaster, then they should find, not only the actual damages sustained by the plaintiff, but they should give additional damages, such as would be an example thereafter, which would tend to prevent such recklessness in the conduct of stages to the great peril of passengers."

This instruction is obnoxious to two objections—First, it devolves upon the jury the duty of punishing the defendants for what the Court seems to consider an offence to society, and by inflicting a penalty upon them, securing, by force of the example, future safety for the public.

The plaintiff commenced his action to recover damages for the injury he had sustained by reason of the negligence or unskillfulness of the defendant's agents, and not as a public prosecutor, to vindicate the wrongs of the community; he was not the medium through which these rights were to be asserted or maintained. It is true, that in actions of this character all the circumstances of the case may be taken into consideration in making up the estimate of damages, and the jury are not confined to the actual damages sustained; but damages which go beyond this, and are professedly laid for the benefit of the public, cannot be recovered.

In the second place, it is shown that the stage at the time of the accident was driven by the servant or agent of the defendants, and the rule in such cases is, that the principal is liable only for simple negligence, and that exemplary damages cannot be imposed upon him.

In 3 Wheaton, 546, which was a case of a marine trespass, brought against the owners of a privateer for an illegal seizure, Judge Story, in delivering the opinion of the Court, holds the following language: "Upon the facts disclosed in the evidence, this must be pronounced a case of gross and wanton outrage, without any just provocation or excuse. Under such circumstances, the honor of the country, and the duty of the Court, equally require that a just compensation should be made to the unoffend-

ing neutrals, for all the injuries and losses actually sustained by them. And if this was a suit against the original wrong-doers, it might be proper to go yet farther, and visit upon them in the shape of exemplary damages, the proper punishment which belongs to such lawless misconduct. But it is to be considered that this is a suit against the owners of the privateer, upon whom the law has, for motives of policy, devolved a responsibility for the conduct of the officers and crew employed by them, and yet, from the nature of the service, they can scarcely ever be able to secure to themselves an adequate indemnity in cases of loss."

Other authorities might be cited to the same point, but the rule is so well founded in principle and justice that we deem it unnecessary.

Judgment reversed, and new trial ordered.