Howry, Judge,
delivered the opinion of the court:
These' are underwriters’ claims, the owners of both vessel and cargo not being represented in court. The court finds the facts sufficient to draw the necessary conclusion that the condemnation of the vessel was illegal and that an award must be made for the insurance paid thereon.
As to the cargo there is controversy. Claimants contend that the recitals of the deci’ee show that there was an analysis of the ship’s papers, and that the grounds assigned for the sale of the cargo on the papers as analyzed were not good and sufficient to justify the conclusions of the decree of the prize tribunal condemning the cargo.
According to the language of the decree all documents aboard the ship were placed with the records. These records do not show any documentation of the cargo, and there are also wanting the necessary proofs of neutrality. We must assume in the absence of proof that all documents and papers carried by the ship were kept as a final record and not destroyed. It does not appear that the neutral offered on the hearing any proof of documentation of the cargo of that proof of the neutrality of the cargo was put before the prize court. Nor does it appear that the original invoice was on board. If it was, there is nothing contained in it, as we now find the invoice, to establish neutrality, even if the invoice could be taken as sufficient proof on that point. Hiram, Whitney, 41 C. Cls., 12. The master’s protest is silent on the subject.
The United States as the defending nation has the right to rely upon the facts of the case and thereby justify the condemnation. This is so even where on the face of the decree *216 the ground of condemnation appears to be illegal. Ship Joanna,, 24 C. Cls., 198.
Nothing appearing to have been offered to establish the neutrality of the cargo, and with nothing in the protest asserting its innocence, but looking to the evidence as contained in the record before us and the want of proof to establish a fact vital to recovery, it can only be held that the condemnation of the cargo was proper. The case of the Betsey, Wyman, 36 C. Cls., 256, summarizes the general rule and need not be restated.
The ultimate findings cover the entire admissible proof. There was an invoice of the schooner’s cargo on the voyage to St. Croix; a protest of the master of the ship disclosing that his vessel and the cargo aboard were sold by and on account of the captors and the owners of the privateer, supplemented by the decree of the prize court assigning insufficient causes for the condemnation of both ship and cargo. But it also appears that an analysis of all the ship’s papers was made and that all of these documents were put with the records, as stated, and everything of a documentary character found lodgment in this court. As there is nothing showing, or tending to show, the presence of the necessary papers to establish neutrality, the only alternative this court has is to find that the fault lay with the master and owners of the vessel in not carrying the papers necessary to their protection. For the want of proof relating to the essential matter of neutrality the case is stronger for the defendants even than that of the Nantasket, Higgins, 39 C. Cls., 119; 46 Ib., 291.
The findings necessarily redound to the benefit of the United States as to the cargo. As to the ship, the findings show an allowance for the insurance paid thereon amounting to $2,750.
The findings of the court, together with a copy of this opinion, will be certified to Congress.