BaeNey, Judge,
delivered the opinion of the court:
The American brig Bee was seized and, together with her cargo, was condemned by the French tribunal of commerce sitting in the island of Guadeloupe in December, 1798, after the abrogation of the treaty of 1778. It appears from the decree of condemnation that “the invoice is not signed by any constituted authorities ” and that “ the bill of lading is not signed at all.” There appears in the record a copy of a bill of lading which is signed and a. copy of an invoice which is not signed. This makes some incongruity in the evidence in the case, but, taken together, we think it comes within the case of the Betsey, 36 C. Cls., 256, and that it must be held that the cargo was properly condemned.
As to the vessel, another question is presented. As to her indentity, the decree recites “ that two persons only have given a light certificate at the foot of the role of equipage; informed that the said schooner was the property of Benjamin Coakley; that those two signatures are not attested; and that the body of the certificate is not equivalent to a register.” It thus appears that the Bee was a foreign-built vessel not entitled to registry and.carried some paper purporting to be a certificate of American ownership. In several places in the decree the vessel is mentioned as the “American schooner Bee” and in the protest it is stated that the captain of the French privateer found her to be “American property.” It appears in the record that Benjamin Coakley, at Edenton, N. C., the port from whence the Bee sailed, on the 13th of April, 1799, made oath that he was an American citizen and the sole owner of the schooner Bee.
In the case of the Amiable Nancy, 3 Wheat., 561, the Supreme Court held that the mere absence of all papers affords no just cause of condemnation, but is only a just *634 cause of suspicion which may be explained on the preparatory examination. The same doctrine was laid down in an opinion by Howry, J., in the case of the Schooner Hazard. 39 C. Cls., 376.
In the case before us the decree of condemnation states no claim that the vessel carried contraband goods or had in anywise violated any of the duties of a neutral. She was condemned on the sole ground that the certificate of ownership was not satisfactory to the court, and yet in the very decree of condemnation she is three times declared to be an American vessel. In the same instrument the tribunal acknowledges information that she is the property of Benjamin Coakley, who, as before stated, is shown to have been an American citizen.
It thus appears that the French tribunal which condemned this vessel had before it proof that the vessel was the property of an American citizen, and had in no manner violated any of the obligations of a neutral.
Taking these items of proof together we are inclined to hold that the Bee carried a certificate which sufficiently identified her as being the property of an American citizen. The decree (as translated) says that it was a “light” certificate, doubtless thereby meaning that a certificate of that character was not equivalent to a register, as afterwards stated. But, as stated, they obtained from it the information that she was owned by Benjamin Coakley, who appears to have been an American citizen, and that was all the information it was necessary for it to convey.
“A certificate or passport, therefore, from the sovereign of the flag, or a certificate from one of his consuls, that the vessel is owned by one of his citizens or subjects will be a sufficient assurance that the flag, for international purposes, is rightfully carried. * * * Nonregistered ships on the high seas owned by citizens of the United States will be protected by the Government of the United States, so far as concerns their relations to foreign States.” 3 Wharton’s International Law, sec. 410, p. 663.
Alexander Hamilton, in a letter to the collector of the port of New York, May 13, 1793, said: “ Our property, whether in the form of vessels, cargoes, or anything else, has a right *635 to pass the seas untouched by any nation by the law of nations; and no one has a right to ask where a vessel is built, but where is she owned? ” Id., same section, p. 665.
“A vessel owned by a citizen of the United States may carry its flag and enjoy the protection of its Government on the high seas, although from the fact that she is foreign built or for some other cause she can not become a registered vessel of the county.” Taylor’s International Law, sec. 264.
The conclusion of the court is that the insurers of the vessel are entitled to indemnity for the insurance paid upon the vessel, but not for insurance paid upon the cargo, and the case will be so reported to Congress, together with a copy of this opinion.