Mr. Justice_ Story
delivered the opinion of the court. The jurisdiction of the district court to en *558 tertain this suit, by virtue of its general admiralty arid maritime jurisdiction, and independent of the special provisions of the prize act of the 26th of June 1812, ch, 107. has been so repeatedly decided by this court, that it cannot be permitted again to be judicially thought into- doubt.a Upon the facts disclosed in the evidence, this must be pronounced a case of gross and wonton outrage, without any just provocation or excuse. Under such circumstances, the honour of the country, and the duty of the court, equally require that a just compensation should he made to the unoffending neutrals, for all the injuries losses actually sustained by them. And if this .. , • . . , , . v , were a suit against the original wrong-doers, it migrit proper to go yet farther,- and visit upon them in s^'aPe exemplary damages, the proper punishment which. • belongs to such lawless misconduct, _ . . ’ ”, , , , . .. . But it is to be considered, that this is a suit, against owners of the privateer, upon whom -the law has^ from motives of policy, devolved a responsibility for the conduct of the officers and crew employed by them, and yet-, from the nature of the serVice, they can scarjcek) ever be able to secure to themselves an *559 adequate indemnity in cases of loss. They are innocent of the demer.it oí'this transaction,'having neither directed it, nor • countenanced it, nor participated in it in the -slightest degree. Under such circumstances, we are of opinion that they are bound to repair all the real injuries and personal wrongs sustained by the libellants, but they are riot hound to the extent of vindictive damages. While the government of the country shall choose to authorize the employment of privateers in its public Weirs, with the knowledge that such employment cannot be exempt from occasional irregularities and improper conduct, it connot be the duty of courts of justice to defeat the policy of the government,, by burthening the service . with a responsibility beyond what justice requires, with a responsibility for unliquidated damages, resting in mere discretion, and intended tó punish offenders.
doers in a line trespass •refesponsiblé damages,1^but.ke the are not respnn sible beyond the aetuai loss sained.1^ Actual wrong-
¡^"by'deíeimproper conductofthe cap rejeoted*
. As the respondents have not appealed from the decree of the circuit court, that decree, so far as it allows damages against .them, is not re-examinable here.— And the only inquiry will he, whether any of the items allowed by the district court were improperly rejected by the circuit court.
And first, as to the item of 1,200 dollars, for losses sustained in the sale of the cargo at Antigua. loss is said to have been occasioned partly by the . . „ , , . ... terioration of the corn by sea damage, the mixing of the damaged with the sound corn by the ■conduct of the crew of the Spider brig of war, and partly by a fall of the price of corn during the detention of the vessel at Antigua. We are of opinion, that- this item was properly - rejected. The jury to *560 the corn was in no. degree attributable to the improper, conduct o.f the officers and crew.of the privateer. The- vessel was Actually bound lo 'Antigua at the time when she was met by the privateer, under a necessity occasioned by stress of weather, and the fall of.the market there is precisely what would have arisen upon the arrival of the vessel under ordinal ry circumstances. Unless, therefore, the sale .of the corn was compelled at Antigua, solely by the misconduct of.the privateer, ('which, in our opinion^ was the. case,) the claim for such loss cannot be’ sustained.
ornossíbtóapro fini-ihcdal>von" *ge afford ges in a .true rule of da mages xn -such
Another item is .3,500 dollars,- for . the loss-of the suPPose(l profits of the voyage on which'the AmiaNancy was originally bound. In the opinion of court, this item.'also was properly rejected. The possible benefits of a voyage, as yet in ca.n never afford a safe rule by-which to estimate • . . damages in cases of. a marine trespass. There is SO- much uncertainty in-the rule itself, so many contingencies which may- vary or extinguish its application', and so many- difficulties in sustaining its legal correctness, that the court cannot believe it proper to entertain it.- Ip several cases in this court, the claim for .-profits has been, expressly overruled; and in Del Col v. Arnold, (3 Dall 333.) and the Anna Maria, (2 Wheat. Rep. 327.) it was, after strict consideration, held,.that the prime cost, orwalue-of the property lost-, at the time of the loss, and in the case of injury, the diminution-in value, by reason o.f the injury, with interest upon- such valuation, afforded the true measure for assessing, damages; This rule may not secure a *561 píete indemnity for all possible injuries ;. but it has certainty and general applicability to recommend it, and in almost all cases, will give a fair and',just recompense.
Tiie item for jjj®
The next item is 2,127 dollars and 60 cents, for the ransom of the vessel .and cargo, and the payment of the costs of court. The evidence upon this is not very satisfactory in. its details. It is asseited that the .vessel was seized for the want of papers, but whether as prize of war, or to enforce a municipal forfeiture, is not distinctly stated ; and no copy of the proceedings of the court is produced to c’enr up a single doubt op obscurity. Nqr does it appear, whether the compromise was made before or after the libel was filed; and it. is admitted that it was made without taking the ‘ advice of counsel, upon the mere Opinion of a merchant at Antigua, who supposed .that a condemnation would certainly ‘ensue. Upon what legal grounds this opinion could be reasonably entertained, it is extremely difficult to perceive. Assuming that the vessel and ’ cargo were seized as prize of war, it cannot for a moment be admitted, that the mere want of papers could afford-a just cause of condemnation. It might be a circumstance, of. suspicion; but explained (as it must have been) by the preparatory examinations of the officers and crew, and by the fáct of a voluntary arrival, it is difficult td suppose that there could be any judicial hesitation "in immediately acquitting the property. And the farthest that any prize court could, by the utmost straining, be- presumed to go, would be to order.farther proof of the. proprietary interest. It would bé *562 the highest injustice to the British courts to suppose that the mere want of pa'persj under such circumstances, could draw after it the penalty of confiscation. We do not, therefore, think, that the ransom was justifiable or reasonable. The utmost extent of loss to which the owner was liable, wras the payment of the costs and expenses of bringing the property to adjudication ; and for such costs and expenses, as far as they were incur* red and paid, the owner is now entitled to receive a recompense. In this respect, the decree-of the circuit court ought to be amended.
commfsslon'if8 not allowed.
The item for the supercargo’s commission was also properly rejected. It does not appear, with certainty* sum he was entitled and under the circumstances, if lost, (vrhich. is not satisfactorily shown,) the commissions Were not lost by any act for which the respondents are liable. The sum allowed for the travel, attendence, and expenses of the supercargo in procuring testimony, by the circuit court, is, in our judgment, an adequate compensation.
The sum of 44 dollars Was (probably by mistake) deducted by the circuit court from the expenses at An tigua. This sum is to be reinstated.
To the decree of the circuit court there are, consequently, tobe added'the following sums :
For expenses and costs of court at Antigua, 542 dollars, 21 ■ cents.
The loss on the exchange to pay that sum,, (say) 188 dollars.
The short allowance of expenses, 44 dollars.
'In the whole, amounting, to the sum of 774 dollars. 21. cents, on which interest, at the rate of 6 peí *563 cent., is to be allowed from the time of payment up tp the time of this judgment. And the decree of the circuit court is to be reformed accordingly.
Decree refórmed.

 Vide ante, vol, II. Appendix, note 1. p. 5. Th» jurisdiction of the admiralty, as a court of prize, has been recently re. viewed in England, on an application to the court of chancery for a prohibition, in which it was determined, that this juris, ijetion does not depend upon the- prize <Tct op.coimnis.~ion, r.or cease with the cessation of hostilities; but that it extends to all the incidents of prize, and to an indefinite period after the termination of the war. Ex parte Lynch et al. 1 Maddock's Rep. 15