## PALMER *v.* AUGENSTEIN.

### MEASURE OF DAMAGES.

In an action against the marshal for an unlawful seizure of goods under a writ subsequently quashed, in the absence of circumstances of oppression or willfulness, it is error for the trial court to permit the plaintiff to introduce evidence as to what the goods, bought by him to be sold at auction, would have realized at auction at the time of the seizure, and to instruct the jury that in ascertaining the damages they might take into consideration the amount the goods would have realized at auction if sold by the plaintiff in his usual course of business at the time of the seizure; the measure of damages being the market value of the goods at the time and place of seizure, less their market value at the time of their return.

No. 1080. Submitted June 7, 1901. Decided June 18, 1901.

HEARING on an appeal, by the defendant, from a judgment of the Supreme Court of the District of Columbia entered upon the verdict of a jury in an action to recover damages for the alleged unlawful seizure and detention by the defendant, the United States marshal for the District of Columbia, of a stock of goods. *Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. J. A. Maedel* and *Mr. John Ridout* for the appellant.

*Mr. Leon Tobriner* for the appellee.

Mr. Justice Shepard delivered the opinion of the Court:

This is an appeal from a judgment for damages in the sum of $1,250 for the seizure and detention of a stock of goods, and the single question for determination arises on the admission of certain evidence, and the charge of the court respecting the measure of damages.

Plaintiff, Samuel W. Augenstein, was engaged in the business of buying stocks of goods and reselling them at auction at two places of business, one of which was on Pennsylvania avenue. October 23, 1899, he bought a stock of men's and women's furnishings, and so forth, of one Lesser for the sum of $1,250. These goods were removed to the avenue storehouse, arranged and advertised for sale at auction along with some other goods therein worth about $400.

October 30th the goods were seized by the marshal under a writ issued out of the Supreme Court of the District in a proceeding in bankruptcy that had been begun against said Lesser. The plaintiff refused to point out the goods obtained from Lesser, and the marshal selected the same as far as able for levy and returned them as appraised at $1,034.68. The goods were not removed from the house because plaintiff requested that they remain under care of watchmen. Meanwhile he suspended his daily auction sales.

On November 9, 1899, the court quashed the writ and directed the marshal to return the goods to the plaintiff, which was immediately done. The goods were afterwards sold at auction in lots, by the plaintiff, with about $400 or $500 of other goods, and the gross sum realized was $1,684. Witnesses for the plaintiff testified that the Lesser stock was worth from $3,000 to $4,000 at the time of the seizure, and that it was greatly depreciated in value by the treatment received. Over the objection of the defendant, some of the witnesses were permitted to testify that the goods at the time of seizure would, in their opinion, have realized from $2,500 to $3,000 if they had been sold by plaintiff at auction as intended.

The following instruction was then given to the jury on the prayer of the plaintiff:

" If the jury find from the evidence that the plaintiff is entitled to recover, in ascertaining his damages they may take into consideration the difference in value between what the property seized by the marshal was worth at the time [of] such seizure and what it was worth after being returned to the plaintiff in so far as any depreciation of such property resulted from such seizure and detention of the same by the defendant, and in ascertaining such values they are at liberty to consider the evidence relating to the original cost of such property, the amount paid therefor by the plaintiff, the amount that it would have realized at auction if sold by the plaintiff in his usual course of business at the time it was seized by the defendant, and the amount that it did finally realize when sold as detailed in the evidence."

The defendant agreed that this instruction would be correct, if the consideration of the possible proceeds of sale at auction were excluded therefrom; and took an exception to the inclusion of the words, " *the amount that it would have realized at auction if sold by the plaintiff in his usual course of business at the time it was seized by the defendant.*"

In our opinion, both of the objections of the defendant were well taken. There were no circumstances of oppression or willfulness in the case. The damages claimed were such only as resulted from the ordinary execution of the process and the detention of the goods until their restoration was ordered upon the vacation of the writ. The measure of damages was, therefore, the diminution of the value of the goods by reason of their seizure and detention, together with interest thereon. *The Amiable Nancy,* 3 Wheat. 546, 560; *Bates* v. *Clark,* 95 U. S. 204, 209, 210.

In other words, it was the market value of the goods at the time and place of seizure, less their market value at the time of their return. 3 Sutherland Dam. 592; 1 Sedgwick Meas. Dam. Sec. 244; 2 Idem, Secs. 494 and 565.

This value at time of seizure was not determinable alone by the price paid by plaintiff for the goods. That was merely

33

one element of proof of value. The real value was what the goods were reasonably worth in the market at the time and in the condition that they were. If the plaintiff had obtained them for less than their reasonable market value he was entitled to the advantage of his purchase. But their value to him could not be ascertained by evidence of what, in the opinion of witnesses, he might have sold the goods for at auction if the contemplated sales had not been interrupted. No matter with what confidence witnesses may have spoken, their evidence amounted to nothing more than conjecture. To permit such evidence, in a case like this where there is no pretense of malice or oppression, is to introduce into the estimation of actual damages a material element of speculation and uncertainty that has been generally excluded in analogous actions of tort or for breach of contract. See *Phillips, etc., Const. Co.* v. *Seymour,* 91 U. S. 646, 652; *Stillwell* v. *Bierce Mfg. Co.,* 139 U. S. 199; *W. & G. RR. Co.* v. *American Car Co.,* 5 App. D. C. 524, 543; *Gurley* v. *MacLennan,* 17 App. D. C. 170; *Fererro* v. *W. U. Tel. Co.,* 9 App. D. C. 455, 475, 477.

That plaintiff had purchased the goods for sale at auction, furnishes no reasonable ground for taking his case out of the application of the ordinary rule for the measure of damages, in cases of wrongful levy upon goods of the same kind in the possession of the ordinary merchant or trader. The business of buying goods for sale at auction, after the manner of plaintiff, is exceptional, and what they may sell for from day to day, in matter both of quantity and price, can be nothing more than guess-work.

For the reasons given, the judgment will be reversed with costs, and the cause remanded with direction to grant a new trial.                                            *Reversed.*