**PRECISION PLATING & METAL FINISHING INC., et al., Plaintiffs-Appellants-Cross Appellees,**

v.

**MARTIN–MARIETTA CORPORATION, Defendant-Appellee-Cross Appellant.**

No. 28841.

United States Court of Appeals, Fifth Circuit.

Dec. 30, 1970.

W. D. Malouf, Loyd C. Mosley, Clearwater, Fla., Mark Hawes, Tampa, Fla., for plaintiffs-appellants-cross appellees.

J. Thomas Cardwell and George T. Eidson, Jr., of Akerman, Senterfitt, Eidson & Wharton, Orlando, Fla., for defendant-appellee-cross appellant.

Before JOHN R. BROWN, Chief Judge, and TUTTLE and GODBOLD, Circuit Judges.

## PER CURIAM:

This is an appeal from the judgment of the trial court awarding damages to the plaintiff-appellant (Precision) for the destruction by defendant (Martin) of Precision's trade secret. Precision contends that the record demands a substantially larger judgment; Martin, on this appeal, does not contest liability, but does contend that no damages were established. The case was tried to the court without a jury.

Briefly stated, Shappell and his corporation, Precision, were subcontractors for Martin (a defense contractor building missiles for the government). They had developed a secret process for the filling of pits, pores and porosity in metal castings to be used in housing the delicate guidance system of missiles. The trial court found that, with full acknowledgement by Martin that this was a secret process, Martin made such public disclosure of the process as to amount to a complete destruction of the value of the process.

The plaintiff sought ordinary damages for the value of the process at the time of such destruction and punitive damages. The trial court held no punitive damages were warranted, but undertook to find market value of the process. The trial court stated:

"There is no established market value in the present case in the sense that there were a number of transactions of the same or similar article, the consensus of which reflects the price at which willing buyers and sellers would act. Fair market value here is synonymous with the investment value of the trade secret; that is, what an investor judges he should pay for the return he foresees by virtue of owning the process, taking into account the facts, circumstances and information which is available at the time."

Applying the test announced, and, upon a record that amply supported its factual determinations, the trial court found that a reasonably prudent

investor would have paid approximately $27,500 for the trade secret in 1961, which, with interest at 6% per annum, would result in present recoverable damages from defendant by plaintiffs of $40,000.

While it appears that the defendant treated its obligation not to reveal the secret process rather cavalierly, the grant or denial of punitive damages lies largely in the discretion of the jury or trial court, as the case may be. We cannot determine that in denying a recovery for punitive damages the trial court abused its discretion. In other words, we cannot find that punitive damages were demanded by the proof in this case as a matter of law. See Fla. Jur., Damages, § 117 (1956).

The judgments on the appeal and on the cross appeal are affirmed.