**Roy BLANCHARD, Plaintiff-Appellant,**

v.

**Joseph CHERAMIE d/b/a Cheramie Boat Works, Defendant-Appellee.**

No. 73-1971
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 24, 1973.

---

* Rule 18, 5 Cir.; see Isbell Entrprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Bruce W. Dinwiddie, Joseph E. Windmeyer, New Orleans, La., for plaintiff-appellant.

Christopher Tompkins, Bertrand M. Cass, Jr., New Orleans, La., for defendant-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

COLEMAN, Circuit Judge:

Roy Blanchard filed suit under the Jones Act and the general maritime law to recover for a back injury allegedly sustained, April 16, 1970, aboard the F/V *Sylvan Cheramie*, a shrimp trawler of which Blanchard was the Captain.

The jury found that Blanchard had been injured as a result of unseaworthiness of the vessel, but also found him to have been contributorily negligent to the extent of 50%. Subject to the contributory negligence deduction, he was awarded damages in the sum of $15,500, plus maintenance amounting to $2,568.

Dissatisfied with the extent of his recovery, Blanchard moved for a new trial. This was denied and he now appeals. We affirm.

Although he argues to the contrary, there was ample evidence to support the jury finding that Blanchard was contributorily negligent.

The maintenance award was not at all inconsistent with the evidence.

■ While it provoked a prolonged skirmish, in which the trial court seems to have overlooked the fact that Bruce Collins, Jr. had adopted as his own a pre-trial statement of Bruce Collins, Sr., there was no error in permitting the younger man to be cross-examined about the averments of that statement, Wigmore on Evidence, Volume IIIA, § 1040, at Page 105. The statement was never introduced in evidence as that of an absent witness; rather, Bruce Collins, Jr. was questioned as to the correctness of statements appearing therein which he, by his signature, after reading the document, had agreed were correct.

Interestingly enough, Bruce Collins, Jr. had said in the adopted statement that no accident occurred on the F/V *Sylvan Cheramie* on April 16, 1970. The jury found to the contrary, so it is quite obvious that the complained of episode furnishes the appellant with scant room for complaint.

As to the Jones Act claim, the jury found the owner guilty of no negligence. It found the vessel to have been unseaworthy and that this condition was the proximate cause of appellant's injury. Additionally, the appellant was found to have been 50% contributorily negligent. The $2,568 maintenance award at $8 per day computes to an allowance of maintenance for 321 days, which turns out to be exactly the period of time between the date of the alleged injury and Blanchard's admission to the Marine Hospital, where he had a surgical spinal fusion. The evidence was in conflict as to whether this was necessitated by the injury or because of pre-existing conditions.

■ Blanchard duly objected below and complains here of the following charge to the jury:

"In this case, if you reach the question of whether the plaintiff is entitled to recover damages, and if you find that he is entitled to such recovery, and that those damages consist, in part, of lost wages, and if you also find that plaintiff is entitled to maintenance, you shall not include such maintenance, as you may find he is entitled to, for the period you awarded lost wages. The law does not allow an injured seaman to recover damages twice for the same loss. If you give him a period of lost wages, you don't give him maintenance and cure for that time.

"You shall not include such maintenance, as you may find he is entitled to, for the period you award him for lost wages, that is the main thing."

We think the fair import of this charge is that Blanchard could not be

awarded maintenance and cure for those days on which he received an award for lost wages.

Appellant's discussion of the point is limited to the following:

"Appellant submits that this charge as given would naturally result in a diminution of the proper award, and constitutes reversible error. The effect of the charge is to instruct the jury to offset accrued maintenance from lost wages, and rather than prevent a 'double recovery' it denies to a seaman the recovery to which he is otherwise rightfully entitled [citing Cassidy v. Steamship American Falcon, 280 F.Supp. 663 (E.D.La., 1968)]."

The citation to *Cassidy, supra,* is of no assistance for the reason that the plaintiff in that case was held to have been injured solely by his own fault and no damages were awarded.

An examination of the trial record shows that the Judge extensively and exhaustively charged the jury in a most comprehensive manner with reference to any possible theory upon which the plaintiff might recover damages. Occupying fourteen typewritten pages, this included the loss of both past and future earnings and earning capacity. The instruction to which exception is taken, hereinabove quoted, appears at the very close of these lengthy "damage instructions". Evaluating the record as a whole, we are left with no doubt that the jury correctly interpreted "lost wages" to mean only the wage element of maintenance and cure. The jury was told of every possible factor which might lead to an increase in the size of the damage award should the jury see fit to return one.

The vessel returned to port the same day the alleged injury occurred. Blanchard's wages consisted of a portion of the shrimp catch. Before he went to sea again Blanchard was fired for allegedly selling a part of the vessel's catch. Even so, the Court did not eliminate lost wages from the consideration of the jury.

We think there was no variance with the teachings of Vickers v. Tumey, 5 Cir., 1961, 290 F.2d 426, 434, 435:

"[12, 13] The problem in this case arose, we think, out of a confusion shared presumably by court and counsel that wages, as such, for the past were pertinent only to the maintenance-wages-cure claim. That, of course, is not true. For a classic element of damages in any personal injury claim where the standard of recovery is a pecuniary loss, is the inability, or reduced ability, to earn wages. Consequently, in a seaman's action either under the Jones Act or maritime doctrine of unseaworthiness, a part of the recovery, if otherwise permissible, will be the loss of wages from the date of the injury down to the trial and, if established, the probable loss of wages in the future. That element of general damages would, on a jury trial, be for jury submission. On the other hand, wages, in the maintenance-wages-cure sense is a very limited award. Perhaps offsetting its limited nature in terms of duration is the compensating feature that for an illness or injury suffered in the service of the ship, such wages are due as a matter of right wholly without regard to unseaworthiness or negligence or both.

"[14] It is obvious, however, that since the element of wages, as such, is inherent in each of the two types of recoveries, there must not be a duplication in the final award whether it is done by a Judge sitting in admiralty, by a jury hearing both phases where jurisdiction exists, or partly by the jury and partly by the Judge. Care must be taken by the Trial Judge to see that this does not occur. Evans v. Schneider Transportation Co., 2 Cir., 1957, 250 F.2d 710, 712, 1958 A.M.C. 832; Yates v. Dann, 3 Cir., 1955, 223 F.2d 64, 67, 1955 A.M.C. 1214; Hand-

ly v. United States, D.C.S.D.N.Y., 1958, 157 F.Supp. 616, 621, 1958 A.M. C. 1119; 2 Norris, The Law of Seamen § 541 at 69 (Supp.1961). This is so where all counts are for jury determination or where, as here, they are split between Judge and jury. There are a variety of ways to accomplish this, the choice of which is ordinarily for the wise judgment of the Trial Court."

For what appears to be a different view of the law, see Crooks v. United States, 9 Cir., 1972, 459 F.2d 631, in which one Judge dissented, citing the double recovery principle announced in Vickers v. Tumey, *supra*.

It must not be overlooked that with this instruction before it the jury nevertheless awarded maintenance and cure for 321 days, up to the time that Blanchard went to the hospital for his surgery, at which time Blanchard's entitlement to maintenance and cure was a subject upon which, from the evidence, reasonable men could very easily differ.

In response to an interrogatory, the jury found that appellee had arbitrarily and unreasonably failed to pay maintenance and cure. This further indicates that the instruction just discussed did not defeat Blanchard's recovery on that subject.

In further response to the interrogatory, however, the jury found that Blanchard was entitled to no damages for this arbitrary failure. Of this the appellant now complains, but when the verdict was returned in open court he made no motion that the jury be returned to further consider the matter, F.R.Civ.P. 49(a) or (b) or both, and the jury was forthwith dismissed with no comment, suggestion, or motion from any party to the litigation.

■ Failure to give maintenance and cure may give rise to a claim for damages for the suffering, for the physical handicap, which follows, and reasonable attorney fees may be allowed where required to obtain recovery from a callous, recalcitrant vessel owner, Vaughan v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962). The instructions of the trial court on this point were not objected to and there was no proof as to reasonable attorney fees, so we can only conclude that the jury found no reason to award damages in this regard.

The judgment of the District Court is Affirmed.