**In the Matter of: The Complaint of MER-RY SHIPPING, INC., as owner of the tugboat "Royal Lady" for Exoneration from or Limitation of Liability,**

**Lillian DYER, as the personal representative of the Estate of Charles Walter Dyer, Jr., Deceased, Plaintiff-Appellant-Cross Appellee,**

**v.**

**MERRY SHIPPING COMPANY, INC., Defendant-Appellee-Cross Appellant.**

**No. 80–7292.**

United States Court of Appeals, Fifth Circuit. Unit B

July 13, 1981. Rehearing and Rehearing En Banc Denied Sept. 29, 1981.

Ashman & Zipperer, Charles R. Ashman, Ralph R. Lorberbaum, Savannah, Ga., for plaintiff-appellant-cross appellee.

---

Boûhan, Williams & Levy, Edwin D. Robb, Jr., Savannah, Ga., for defendant-appellee-cross appellant.

Before TUTTLE, RONEY and VANCE, Circuit Judges.

RONEY, Circuit Judge:

The chief issue on appeal is one of first impression in this Circuit: may punitive damages be recovered in a seaman's action brought under either general maritime law or the Jones Act, or both. We hold that punitive damages may be recovered under general maritime law upon a showing of willful and wanton misconduct by the shipowner in the creation or maintenance of unseaworthy conditions. We do not now decide whether such damages may be recovered under the Jones Act. The district court's dismissal of the claim for punitive damages is reversed.

This litigation arose out of the 1978 sinking of defendant Merry Shipping's tugboat "Royal Lady" in Port Royal Sound off the coast of South Carolina. The first mate on the tug, Charles Walter Dyer, drowned in the accident, along with the captain and a deckhand. There was only one survivor.

Lillian Dyer, claiming to be the first mate's common-law wife, sought damages from Merry Shipping for seaman Dyer's pain and suffering and for his beneficiaries' pecuniary and nonpecuniary losses. She also sought punitive damages. Her claims were based on the Jones Act and general maritime law.

Upon Merry Shipping's motion, the district court dismissed Dyer's claim for punitive damages on the ground that as a matter of law, such damages were not recoverable under either the Jones Act or general maritime law. It expressly declined to determine whether the facts in the case could give rise to the recovery of punitive damages if they were available.

Dyer's remaining claims for damages were tried to a jury, which awarded $25,000 to the estate for the first mate's pain and suffering, and $125,000 to his daughter for her pecuniary and nonpecuniary losses. It denied damages to Lillian Dyer, however, finding she was not the seaman's common-law wife. As representative of the estate, Dyer appeals only from the district court's dismissal of the claim for punitive damages.

Before proceeding directly to the issue of punitive damages, it may be helpful to briefly outline the causes of action available to a seaman and his survivors under general maritime law and the Jones Act.

Under general maritime law, a seaman has a cause of action against the shipowner for injury or death resulting from unseaworthiness. Under the seaworthiness doctrine, a shipowner has a duty to furnish a vessel and equipment reasonably fit for their intended use.[1] This duty is absolute and completely divorced from concepts of negligence.[2]

The survivors have two causes of action under general maritime law where the unseaworthiness results in the seaman's death.[3] First, the personal representative of the estate may seek damages for the seaman's personal losses and pain and suffering prior to death. Second, the survivors may sue for both their pecuniary losses, including loss of services and support, and their nonpecuniary losses, in particular "loss of society."[4]

---

**1.** *Smith v. Ithaca Corp.*, 612 F.2d 215, 219 (5th Cir. 1980).

**2.** *Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 549–50, 80 S.Ct. 926, 932–933, 4 L.Ed.2d 941 (1960).

**3.** A wrongful death action under general maritime law was recognized by the Supreme Court in the landmark decision of *Moragne v. States*

Marine Lines, Inc., 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970).

**4.** *Sea-Land Services, Inc. v. Gaudet*, 414 U.S. 573, 591, 94 S.Ct. 806, 818, 39 L.Ed.2d 9 (1974) (recovery permitted for loss of support, services, and society, as well as for funeral expenses).

In 1903, in the landmark *Osceola* case,[5] the Supreme Court denied seamen a general maritime cause of action for negligence of the master or fellow crewmen. Responding to this decision, Congress in 1915 enacted the Jones Act, 46 U.S.C.A. § 688,[6] which created a statutory cause of action for both injury and death resulting from the negligence of the owner directly, or vicariously through the negligent acts of the master or members of the crew.[7]

There is a distinction, however, as to the damages recoverable under the Jones Act and general maritime law. Under both, the survivors of a deceased seaman may seek damages for the seaman's personal losses and pain and suffering prior to death, as well as for their own losses. Unlike under general maritime law, however, the Jones Act survivors are limited to pecuniary losses, this Court having held that Congress did not intend to provide Jones Act liability for nonpecuniary losses, such as loss of society.[8]

With respect to punitive damages, in contrast to compensatory damages, this Court has not previously decided whether they may be recovered under either general maritime law or the Jones Act. Apparently every other court faced with the issue, however, has ruled such damages are recoverable.[9] Although Merry Shipping cites several cases where punitive damages have been denied, the cases did not hold the damages unrecoverable *as a matter of law*, but rather denied them on the facts.

Three cases, each involving claims under the Jones Act and general maritime law, are illustrative. In *Marine Sulpher Queen*,[10] the Second Circuit held punitive damages could be recovered upon a showing the defendant was guilty of "gross negligence, or actual malice or criminal indifference which is the equivalent of reckless and

---

**5.** 189 U.S. 158, 23 S.Ct. 483, 47 L.Ed. 760 (1903).

**6.** The Act provides in full:

Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located.

The Jones Act by its terms incorporates the provisions of the Federal Employers' Liability Act (FELA), 45 U.S.C.A. §§ 51 *et seq.*, although FELA law is not always controlling. *See, e. g., Cox v. Roth*, 348 U.S. 207, 209, 75 S.Ct. 242, 243, 99 L.Ed. 260 (1955) ("The Jones Act, in providing that a seaman should have the same right of action as would a railroad employee, does not mean that the very words of the FELA must be lifted bodily from their context and applied mechanically to the specific facts of maritime events"). *See generally* Gilmore & Black, *The Law of Admiralty* § 6–26 (1975).

**7.** *Ivy v. Security Barge Lines, Inc.*, 606 F.2d 524, 525 n.3 (5th Cir. 1979) (*en banc*), *cert. denied*, 446 U.S. 956, 100 S.Ct. 2927, 64 L.Ed.2d 815 (1980).

**8.** *Ivy v. Security Barge Lines, Inc., supra*, 606 F.2d at 526–29.

**9.** *See In re Marine Sulphur Queen*, 460 F.2d 89 (2d Cir.), *cert. denied*, 409 U.S. 982, 93 S.Ct. 318, 34 L.Ed.2d 246 (1972); *Kwak Hyung Rok v. Continental Seafoods, Inc.*, 462 F.Supp. 894 (S.D.Ala.1978), *affirmed without opinion*, 614 F.2d 292 (5th Cir. 1980); *Renner v. Rockwell International Corp.*, 403 F.Supp. 849 (C.D.Cal. 1975), *vacated and remanded on other grounds*, 587 F.2d 1030 (9th Cir. 1978); *Mpiliris v. Hellenic Lines, Ltd.*, 323 F.Supp. 865 (S.D.Tex. 1969), *affirmed without opinion*, 440 F.2d 1163 (5th Cir. 1971); *Petition of Den Norske Amerikalinje A/S*, 276 F.Supp. 163 (N.D.Ohio 1967), *reversed sub nom. United States Steel Corp. v. Fuhrman*, 407 F.2d 1143 (6th Cir. 1969), *cert. denied*, 398 U.S. 958, 90 S.Ct. 2162, 26 L.Ed.2d 542 (1970); *Baptiste v. Superior Court for the County of Los Angeles*, 164 Cal.Rptr. 789, 106 Cal.App.3d 87 (1980). *Cf. Phillip v. United States Lines Co.*, 355 F.2d 25 (3d Cir. 1966) (Because evidence did not support an award of punitive damages even if available, court held it did not need to decide whether punitive damages may ever be recovered under the Jones Act).

**10.** 460 F.2d 89 (2d Cir.), *cert. denied*, 409 U.S. 982, 93 S.Ct. 318, 34 L.Ed.2d 246 (1972).

wanton misconduct." [11] Finding no such misconduct on the facts before it, the court upheld the denial of punitive damages. Similarly, in *United States Steel Corporation v. Fuhrman,*[12] the Sixth Circuit held that punitive damages were available upon a showing of the shipowner's reckless conduct. It reversed the trial court's award of such damages, however, finding the evidence insufficient to support it.[13] In *Baptiste v. Superior Court for County of Los Angeles,*[14] a California state appeals court, after engaging in a thorough and persuasive analysis, held that punitive damages were available under "general federal admiralty law, from which the doctrine of unseaworthiness is derived."[15] It then ordered the trial court to reinstate plaintiff's claim for such damages.

Punitive damages have also been held available in other types of admiralty actions. As early as 1818, the Supreme Court raised the possibility of their recovery in *The Amiable Nancy,*[16] a maritime trespass suit described by the Court as "a case of gross and wanton outrage."[17] More recently, in *Robinson v. Pocahontas, Inc.,*[18] the First Circuit upheld an award of punitive damages for a shipowner's willful and callous withholding of a seaman's maintenance and cure. The court relied on *Vaughan v. Atkinson,*[19] a 1962 decision in which the

Supreme Court permitted recovery of attorney's fees for such conduct. Finally, in *Pino v. Protection Maritime Insurance Co.,*[20] a Massachusetts district court awarded punitive damages for tortious interference with the employment rights of plaintiff seamen.

The case law, then, clearly indicates the availability of punitive damages, at least under general maritime law. The policies underlying such damages also support this conclusion.

Punitive damages, long established in our legal system, may be recovered when a wrongdoer has acted willfully and with gross disregard for the plaintiff's rights.[21] They serve the purpose "of punishing the defendant, of teaching him not to do it again, and of deterring others from following his example."[22] Such damages are available not only in suits based on negligence but also increasingly in other types of cases, including those alleging breach of contract or statutory violations.[23]

Punitive damages should be available when a shipowner has willfully violated the duty to furnish and maintain a seaworthy vessel. The shipowner's duty stems from the recognition of "the hazards of marine service which unseaworthiness places on the men who perform it . . . and their helpless-

---

11. *Id.* at 105.

12. 407 F.2d 1143 (6th Cir. 1969), *cert. denied,* 398 U.S. 958, 90 S.Ct. 2162, 26 L.Ed.2d 542 (1970).

13. *Id.* at 1148.

14. 164 Cal.Rptr. 789, 106 Cal.App.3d 87 (1980).

15. 164 Cal.Rptr. at 798.

16. 16 U.S. (3 Wheat.) 546, 4 L.Ed. 456 (1818). *See also Lake Shore Railway Co. v. Prentice,* 147 U.S. 101, 13 S.Ct. 261, 37 L.Ed. 97 (1893).

17. 16 U.S. at 556.

18. 477 F.2d 1048 (1st Cir. 1973). *See also Kraljic v. Berman Enterprises, Inc.,* 575 F.2d 412 (2d Cir. 1978). *See generally* Note, *Punitive Damages in Admiralty for Bad Faith Refusal to Provide Maintenance and Cure: Robinson v. Pocahontas, Inc.,* 15 San Diego L.Rev. 309 (1978).

19. 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962).

20. 490 F.Supp. 277 (D.Mass.1980).

21. *Gore v. Turner,* 563 F.2d 159, 164 (5th Cir. 1977). *See generally* Prosser, *The Law of Torts* § 2 (1971).

22. Prosser, *The Law of Torts* § 2, at 9 (1971). *See also International Brotherhood of Electrical Workers v. Foust,* 442 U.S. 42, 48, 99 S.Ct. 2121, 2125, 60 L.Ed.2d 698 (1979); *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 350, 94 S.Ct. 2997, 3012, 41 L.Ed.2d 789 (1974); *Gore v. Turner,* 563 F.2d 159, 164 (5th Cir. 1977).

23. *See, e. g., Henderson v. U. S. Fidelity & Guaranty Co.,* 620 F.2d 530 (5th Cir. 1980). *See generally* Sullivan, *Punitive Damages in the Law of Contract: The Reality and Illusion of Legal Change,* 61 Minn.L.Rev. 207 (1977); 22 Am.Jur.2d *Damages* §§ 245–54 (1965).

ness to ward off such perils."[24] Punitive damages would serve to deter and punish owners whose reckless acts increase these hazards. Of course, whether or not they should be awarded in a particular case is an issue for the trier of fact, whether it be judge or jury.[25]

The district court in the present action concluded after reviewing the law in this Circuit that punitive damages could not be recovered under the Jones Act. The court then reasoned it would make "little sense" to permit their recovery on a general maritime law claim for unseaworthiness, which imposes liability "without regard to fault," while denying such relief on a Jones Act claim, which requires a finding of negligence.

The district court may well be correct that punitive damages may not be recovered in this Circuit under the Jones Act, although we need not decide the issue at this time. Doubt exists as to recovery because of this Court's previous holding that Congress intended only *pecuniary* losses to be recoverable under the Act.[26] There may also be an analogy from cases construing the Federal Employers' Liability Act (FELA), whose provisions are incorporated by reference into the Jones Act.[27] At least one circuit court has squarely held that punitive damages may not be recovered under the FELA.[28]

It does not follow, however, that if punitive damages are not allowed under the Jones Act, they should also not be allowed under general maritime law. *First*, unlike the Jones Act, no statutory restraints bar recovery under general maritime law. This body of law is wholly a product of judicial decisionmaking, fashioned on the basis of tradition and policy.[29] *Second*, courts have long recognized that unlike under the Jones Act and the FELA, nonpecuniary losses are recoverable under general maritime law.[30] *Third*, recovery of punitive damages is restricted to where there is willful and wanton misconduct, reflecting a reckless disregard for the safety of the crew, a much higher standard of culpability than that required for Jones Act liability. As noted earlier, punitive damages have been awarded for such misconduct even though the underlying claim, such as breach of contract, is not based on negligence.[31]

We therefore hold that in this Circuit punitive damages may be recovered under general maritime law upon a showing of willful and wanton misconduct by the shipowner.

Merry Shipping argues that even if punitive damages are recoverable under general maritime law, they should not be permitted where, as here, the general maritime claim is joined with a Jones Act claim. In an analogous situation, however, this Court has expressly held that nonpecuniary losses may be permitted on a general maritime law claim even when it is joined with a claim under the Jones Act, which, as noted earlier, does not otherwise permit their recovery.[32] The district court's dismissal of the

**24.** *Seas Shipping Co. v. Sieracki*, 328 U.S. 85, 93, 66 S.Ct. 872, 876, 90 L.Ed. 1099 (1946).

**25.** *See, e. g., Precision Plating & Metal Finishing, Inc. v. Martin-Marietta Corp.*, 435 F.2d 1262 (5th Cir. 1970), *cert. denied*, 404 U.S. 1002, 92 S.Ct. 571, 30 L.Ed.2d 556 (1971). *See generally* Prosser, *The Law of Torts*, § 2 (1971).

**26.** *Ivy v. Security Barge Lines, Inc., supra*, 606 F.2d at 526.

**27.** *See* note 6 *supra*.

**28.** *Kozar v. Chesapeake & Ohio Ry.*, 449 F.2d 1238 (6th Cir. 1971). *See also Shaw v. Garrison*, 545 F.2d 980, 986 (5th Cir. 1977) (dicta).

**29.** *See, e. g., United States v. Reliable Transfer Co.*, 421 U.S. 397, 409, 95 S.Ct. 1708, 1714, 44 L.Ed.2d 251 (1975); *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375, 379–403, 90 S.Ct. 1772, 1777–1789, 26 L.Ed.2d 339 (1970). *See generally* Gilmore & Black, *The Law of Admiralty* § 1–16 (1975).

**30.** *See* text at note 4 *supra*.

**31.** *See* text at note 23 *supra*.

**32.** *See Cruz v. Hendy International Co.*, 638 F.2d 719 (5th Cir. 1981); *Smith v. Ithaca Corp.*, 612 F.2d 215 (5th Cir. 1980); *Hlodan v. Ohio Barge Line, Inc.*, 611 F.2d 71 (5th Cir. 1980); *Landry v. Two R. Drilling Co.*, 511 F.2d 138 (5th Cir. 1975).

claim for punitive damages must therefore be reversed and the case remanded for further proceedings.

On remand, the district court must decide whether the facts in the present case are sufficient to submit to a jury on the claim of punitive damages. The court must also consider what collateral estoppel or *res judicata* effect, if any, should be given to the state court judgment involving one of the other seamen killed in the accident, in which Merry Shipping was apparently held liable for punitive damages.[33] We express no opinion on either the sufficiency of the facts to support an award of punitive damages or the effect of the state court judgment.

Merry Shipping's cross-appeal asserts two errors which require only brief discussion. First, Merry Shipping challenges the district court's denial of its Fed.R.Civ.P. Rule 60 motion requesting the court to decide whether the facts support a punitive damages claim. This alleged error is rendered moot by our remand for such a factual determination. Second, it challenges the award of nonpecuniary losses to Dyer's daughter, arguing they are not recoverable as a matter of law. This Court, however, has held nonpecuniary losses of the type awarded here recoverable under general maritime law.[34]

REVERSED and REMANDED.

---

**33.** *Cf. Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu,* 637 F.2d 391 (5th Cir. 1981); *Government Personnel Mutual Life Ins. Co. v. Kaye,* 584 F.2d 738 (5th Cir. 1978).

**34.** *See, e. g., Smith v. Ithaca Corp.,* 612 F.2d 215 (5th Cir. 1980); *Hlodan v. Ohio Barge Line, Inc.,* 611 F.2d 71 (5th Cir. 1980).