Lewis Leon HODGES, Plaintiff,

v.

KEYSTONE SHIPPING CO., et al., Defendants.

Civ. A. No. G–81–317.

United States District Court,
S.D. Texas,
Galveston Division.

Oct. 4, 1983.

Acceptance of Remittitur
Nov. 28, 1983.

Robert A. Chaffin, Friedman & Chaffin, Houston, Tex., for plaintiff.

James Warren, Fulbright & Jaworski, Houston, Tex., for defendants.

## MEMORANDUM AND ORDER

HUGH GIBSON, District Judge.

BEFORE THE COURT are defendants' motion, pursuant to rule 59, Fed.R.Civ.P., to amend judgment for remittitur or for new trial, and plaintiff's opposition thereto. Plaintiff has filed notice of appeal in this matter. As defendant's motion was filed within the period prescribed by rule 59, plaintiff's appeal is untimely. Rule 4(a)(4), Fed.R.App.P. The Court is therefore proceeding with the consideration and disposition of defendant's rule 59 motion.

Plaintiff, a seaman, sued his employer under the Jones Act, 46 U.S.C. § 688, and general maritime law, seeking damages for personal injuries. This cause was tried before a jury January 12–19, 1983. The jury returned a verdict and the Court entered judgment on the verdict. The judgment ordered that plaintiff take nothing from defendant on his claims under the Jones Act and for unseaworthiness. Plaintiff was awarded $15,000 for cure; $30 per day for 806 days for maintenance (subject to a set-off of sums already paid); $75,000 compensatory damages for nonpayment of maintenance and cure; and $100,000 punitive damages for defendant's willful and capricious failure to provide maintenance and cure to plaintiff. Defendants' motion seeks to limit plaintiff's maintenance to the contract rate of $8 per day maintenance, remit his compensatory damages, and deny the punitive damages awarded by the jury.

The Court, upon consideration of defendants' motion and plaintiff's opposition thereto, grants the motion in part and denies it in part, as follows.

1. Plaintiff was injured in May 1981 when he slipped and fell on a deck that was wet and slippery with sea water and clean-

ing fluid. At the time the crew of the M/V GOLDEN GATE was engaged in cleaning the tanks of residue from the prior cargo. Plaintiff, a member of the crew, was hired under the National Maritime Union contract and signed on the vessel as extra personnel for the cleaning operation. At trial there was considerable testimony with regard to whether plaintiff actually fell on deck and whether there was standing soapy water on deck creating a hazard.

Plaintiff sought medical care for his injuries in August 1981. In September 1981 both written and oral demand for maintenance and cure were made to Keystone Shipping Co., plaintiff's employer. At that time defendants were furnished with plaintiff's not-fit-for-duty slips from the United States Public Service Health Hospital. Plaintiff was under medical care from August 1981 to January 1983 and has accumulated over $12,000 in medical bills.

Defendants have not paid any of plaintiff's medical bills. Defendants paid plaintiff the first maintenance payment June 22, 1982, after the filing of this suit. Subsequent to that payment, additional maintenance payments were made to plaintiff on a sporadic basis. At time of trial defendant had paid all currently due maintenance payment. Maintenance payments were made at the NMU contract rate of $8 per day. These payments were not made timely under the NMU contract, which calls for weekly payments of daily maintenance payments.

■ An issue was submitted to the jury as to the appropriate per diem maintenance rate. The jury returned an answer of $30 per day. The Court notes that the rate of $30 per day is a reasonable amount, substantiated by the record. However, the issue of the reasonableness of this amount is moot as plaintiff's rate of recovery of maintenance is limited by the NMU contract. *Grove v. Dixie Carriers, Inc.*, 553 F.Supp. 777 (E.D.La.1982).

■ Maintenance is the daily allowance for food and lodging paid to a seaman who is injured or becomes ill while in the service of the ship. *Pelotto v. L & N Towing Co.*, 604 F.2d 396, 400 (5th Cir. 1979). It is paid by the vessel owner while the seaman is unfit for duty (and not hospitalized) until the time which he reaches maximum cure. *Id.; see Dixon v. Maritime Overseas Corp.*, 490 F.Supp. 1191, 1192 (S.D.N.Y.1980), *aff'd*, 646 F.2d 560 (2d Cir.), *cert. denied*, 454 U.S. 838, 102 S.Ct. 145, 70 L.Ed.2d 120 (1981). Maintenance payments should be an amount sufficient to provide a seaman with food and lodging ashore of the same character as those provided on the ship. *Vaughn v. Adkinson*, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962); *see Robinson v. Plimsoll Marine, Inc.*, 460 F.Supp. 949, 950 (E.D.La.1978), for discussion of factors including union contract rates to be considered by the Court when establishing a per diem rate in a non-contact maintenance case.

■ Maintenance "arises [as a matter of law] out of the contractual relationship between the seaman and his employer." *Dixie Carriers, supra* at 780. *See Pelotto v. L & N Towing, supra* at 400. The right to maintenance originates from an individual's seaman status and is a term of the employment which cannot be contracted away. *Cortes v. Baltimore Insular Times*, 287 U.S. 367, 371j, 53 S.Ct. 173, 174, 77 L.Ed. 368 (1932). The rate and mode of payment of maintenance, however, can be regulated by contract. The contract between the seaman and his employer "establishes as a matter of law, the rate of maintenance to be paid." *Dixie Carriers, supra* at 780.

The NMU contract rate is the rate bargained for by the union as part of an overall benefits package. NMU members are to be paid maintenance at the $8 per day rate regardless of actual expenses for food and lodging.

Accordingly, the Court finds that plaintiff, as a member of the NMU, is bound by the maintenance rate of $8 per day, as specified in the collective bargaining agreement entered into between employer and the union.

■ Breach of the terms of the union contract does not authorize a higher rate of maintenance than that bargained for in the contract. The contract rate is the rate which the court will compel the shipowner to pay when the shipowner withholds money owed for maintenance. *Grove v. Dixie Carriers, supra; Gajewski v. United States,* 540 F.Supp. 381 (S.D.N.Y.1982), *Dixon v. Maritime Overseas,* 490 F.Supp. at 1193. *See also, Incandela v. American Dredging Co.,* 659 F.2d 11 (2d Cir.1981) (plaintiff awarded greater amount since not constrained by union contract). The seaman's remedy for tortious non-payment of maintenance and cure by a vessel owner is outlined by *Vaughn v. Atkinson, supra,* and as discussed below.

The jury award of $30 per day maintenance is beyond the rate which plaintiff is entitled to at law and is therefore excessive. The Court is compelled to reduce the maintenance recovery to the contract rate of $8 per day.

■ 2. Defendant has also objected to the amount of compensatory damages awarded for non-payment of maintenance and cure. The jury found that "the defendants willfully and capriciously refused to provide maintenance and cure to plaintiff," and returned a verdict of $75,000 in compensatory damages for such nonpayment.

A full panoply of tort remedies are available to a seaman for his employer's unreasonable failure to pay or willful and capricious withholding of maintenance and cure. *See Billiot v. Toups Marine Transport,* 465 F.Supp. 1265, 1268 (E.D.La.1979). When an employer unreasonably fails to provide maintenance and cure, and such failure aggravates the seaman's condition, the employer is liable for the increased medical expenses, increased maintenance, and any other tort damages which result. *Gaspard v. Taylor Diving & Salvage Co.,* 649 F.2d 372, 375 (5th Cir.1981); *Cortes v. Baltimore Insurance Line,* 287 U.S. 367, 53 S.Ct. 173, 77 L.Ed. 368 (1932); *see Vaughn v. Atkinson, supra; Picon v. American Offshore Fleet, Inc.,* 576 F.2d 585 (5th Cir.1978); *Parker v. Texaco, Inc.,* 549 F.Supp. 71 (E.D.La.1982).

■ On July 22, 1982, approximately ten months after the accident, defendants made the first maintenance payment. The second payment was made on September 16, 1982, and the third was made on November 30, 1982. At the time of trial defendant had paid plaintiff all currently owed maintenance at the rate of $8 per day, but had not paid any of plaintiff's medical bills.

Plaintiff testified that from the date of his injury to trial he was unable to work and to provide for himself. Plaintiff was forced to move to cheaper housing and was, on frequent occasions, unable to pay the lesser rent. At times plaintiff could not afford to eat properly and on occasion could not afford to pay for pain medication. He did not always have transportation to get to and from the doctor. As a result of these financial pressures, plaintiff suffered from emotional stress, anxiety and depression. Dr. Minyard testified that the failure to provide plaintiff with necessary funds to survive and provide his medication would be likely to cause headaches, emotional stress and muscular spasms, all of which would impede and lengthen his recovery.

Upon review of the record, the Court finds that the measure of compensatory damages found by the jury is beyond the maximum award which can reasonably be supported by the evidence presented at trial. In *Boeing Co. v. Shipman,* 411 F.2d 365 (5th Cir.1969), the Fifth Circuit set out the procedure for the evaluation of motions for judgment notwithstanding the verdict:

[t]he Court should consider all of the evidence—not just the evidence which supports the non-mover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence op-

posed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied . . .

411 F.2d at 374. The Court is mindful that in light of the seventh amendment guarantee of the right to jury trial, it must proceed cautiously and validate the jury verdict if at all possible. *Gaspard v. Taylor Diving, supra* at 374 n. 2. Further, "ambiguities and doubts in the application of the law of maintenance and cure are resolved in favor of the seaman." *Id., citing Liner v. J.B. Talley & Co.,* 618 F.2d 327, 332 (5th Cir.1980).

The grant or denial of a motion for new trial on the basis of excessive damages is within the sound discretion of the trial court. *Valley View Cattle Co. v. Iowa Beef Processors, Inc.,* 548 F.2d 1219, 1220 n. 2 (5th Cir.1977). *See United States v. Horton,* 622 F.2d 144 (5th Cir.1980). When a motion for new trial is premised on the issue of excessive damages, the court may, if the verdict is not judged to have been the result of the jury's passion or prejudice, offer the plaintiff the options of new trial or remittitur. *Harper v. Zapata Offshore Co.,* 563 F.Supp. 576, 583 (E.D.La. 1983).

The Court concludes that the jury verdict was not the result of passion or prejudice but is beyond the maximum award supported by the evidence. The Court finds that the evidence presented could support a maximum award of no more than $12,500. The Court therefore grants defendant's motion for new trial on the issue of the amount of compensatory damages unless plaintiff accepts remittitur of the compensatory damages to $12,500.

3. Defendant has objected to the jury's award of punitive damages alleging that no admissible evidence was presented to support the verdict and that the law affords no basis for recovery of punitive damages beyond the amount of attorneys fees for willful and capricious non-payment of maintenance and cure.

In the case at bar the Court instructed the jury on the issue of punitive damages as follows:

The plaintiff also claims that the acts of defendants in failing to pay maintenance and cure were arbitrary, capricious, or in callous disregard to plaintiff's claim so as to entitle him to an award of punitive damages in addition to compensatory damages.

If you find that the plaintiff is entitled to maintenance and cure, and if you further find that defendants did act arbitrarily, capriciously, or in callous disregard to the claims of plaintiff, the law would allow you, in your discretion, to assess punitive damages against the defendants as punishment and as a deterrent to others.

If you find that punitive damages should be assessed against the defendants, you may consider the financial resources of such defendant in fixing the amount of such damages.

Punitive damages are recoverable under the general maritime law. *Dyer v. Merry Shipping Co.,* 650 F.2d 622 (5th Cir.1981). Until recently punitive damages for nonpayment of maintenance and cure were limited to the recovery of attorneys fees attributable to the prosecution of the maintenance and cure claim. *Blanchard v. Cheramie,* 485 F.2d 328 (5th Cir.1973). *See Gaspard v. Taylor Diving, supra* at 375; *Parker v. Texaco,* 549 F.Supp. 71, 77 (E.D. La.1982); *Kraljac v. Berman Enterprises, 575 F.2d 412, 414–6 (2d Cir.1978). See also Vaughn v. Atkinson, supra* at 540, 82 S.Ct. at 1004 (Stewart, J., dissenting). The Fifth Circuit in upholding an award of punitive damages under the general maritime law, cited with approval the First Circuit case of *Robinson v. Pocahontas, Inc.,* 477 F.2d 1048 (1973). The *Robinson* case, quoting Justice Stewart's dissent in *Vaughn v. Atkinson,* held that awards of punitive damages for an employer's arbitrary and capricious withholding of maintenance and cure "would not necessarily be

measured by the amount of counsel fees." 369 U.S. at 540, 82 S.Ct. at 1004.

■ In a case similar to that at bar, a trial court in the Eastern District of Louisiana denied a j.n.o.v. motion and entered judgment on a jury verdict awarding punitive damages, not limited by attorneys fees, for defendant's failure to provide the proper amount of maintenance and cure. *Harper v. Zapata Offshore*, 563 F.Supp. at 582 (on appeal). The Court held that "the jury (or court in a bench trial) may award punitive damages as punishment and deterrence." *Id.* In that case the Court, relying on *Vaughn v. Atkinson*, and *Gaspard v. Taylor Diving*, permitted the jury to consider attorneys fees as an element of punitive damages. In the case at bar, plaintiff did not object to the charge on punitive damages as submitted for failure to include attorneys fees as an element of recovery.

This Court concludes that the recovery of punitive damages for acts which were arbitrary, capricious or in callous disregard of a claim for maintenance and cure is well founded in the general maritime law under the cases of *Vaughn v. Atkinson, supra, Dyer v. Merry Shipping, supra,* and *Harper v. Zapata Offshore, supra.* Therefore, in that regard, the Court denies defendant's motion.

Upon review of the record, the Court also finds that plaintiff presented sufficient evidence to support the jury finding that defendants willfully and capriciously refused to provide plaintiff maintenance and cure. The depositional testimony of James Campbell, the defendants' claims manager, showed that he had notice of plaintiff's injury as early as September 1981 by the letter from plaintiff's counsel demanding payment of maintenance and cure. Campbell did not order an investigation, inquire of the ship's medical representative about the accident, or personally conduct an investigation. Campbell did not have information to lead him to believe that a bona fide question of fact existed concerning the extent and causal relationship of plaintiff's injury to provide defendant with a reasona-

ble and adequate justification to refuse or discontinue payment of maintenance and cure benefits. *See Vaughn v. Atkinson, supra; Kraljac v. Berman Enterprises, Inc., supra,* at 413. Considering the above, along with the plaintiff's testimony, the Court concludes that the jury's findings of punitive damages and the measure of those damages are supported in the record.

It is therefore ORDERED, ADJUDGED and DECREED that defendants' motion to amend judgment and for remittitur or new trial is:

GRANTED as to the rate of maintenance which shall be amended to $8 per day for 806 days;

GRANTED as to compensatory damages unless plaintiff accepts remittitur of the compensatory damages to $12,500; and

DENIED as to punitive damages.

### ACCEPTANCE OF REMITTITUR.

COMES NOW Plaintiff, LEWIS LEON HODGES, and, pursuant to the Court's Memorandum and Order dated October 4, 1983, agrees to accept the remittitur of compensatory damages to $12,500.00 expressly reserving any rights he may have to object to this remittitur on appeal. In light of his acceptance of this remittitur, Plaintiff moves that judgment in this case be made final.

Respectfully submitted,
/s/ Robert A. Chaffin
Robert A. Chaffin
3500 Travis
Houston, TX 77002
713/528-4141

OF COUNSEL:
FRIEDMAN AND CHAFFIN

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Acceptance of Remittitur and Motion to Make Judgment Final was forwarded to all counsel of record via United States mail, certified, return receipt

requested, or delivered by hand, on this 23 day of November, 1983.

/s/   Robert A. Chaffin
Robert A. Chaffin