**Domingo GUEVARA**

v.

**MARITIME OVERSEAS CORP.**

**No. 1:91 CV 222.**

United States District Court,
E.D. Texas,
Beaumont Division.

April 29, 1992.

Dennis McElwee, Schechter & Eisenman, Houston, Tex., for plaintiff.

Thomas Baker Greene, III, Crain, Caton & James, Houston, Tex., for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

Domingo Guevara sued Maritime Overseas Corporation under the Jones Act and general maritime law for injuries he sustained while on board the OVERSEAS PHILADELPHIA. The jury found that Maritime was negligent, that the PHILADELPHIA was unseaworthy, and that Maritime's negligence and the PHILADELPHIA's unseaworthiness were the proximate cause of Guevara's injuries. The jury found $28,000 in past damages and $103,000 in future damages. In addition, the jury found that Maritime was arbitrary and capricious in its failure to pay maintenance to Guevara on a timely basis and assessed $60,000 in punitive damages.

Maritime paid Guevara the maintenance rate of eight dollars per day called for in the union-negotiated contract between the parties. In his post-trial brief, Guevara admits that the union contract provides only eight dollars per day. However, Guevara argues that the contract rate is inadequate and moves for a higher rate of maintenance. Maritime argues that the union contract is binding.

As a practical matter, this court doubts that eight dollars a day is adequate to provide for Guevara's needs; however, the case for an increase in maintenance in the face of a clear contractual provision is shaky at best. The Fifth Circuit has not ruled on this point. The circuit has approved maintenance rates of more than the customary eight dollars per day in a case with no union contract. *See Morel v. Sabine Towing & Transportation Co.*, 669 F.2d 345, 347 (5th Cir.1982). However, district courts in our circuit have ruled that contract provisions setting rates of maintenance are binding unless the rate is so unreasonable as to amount to a failure to pay maintenance at all. *See Hodges v. Keystone Shipping Co.*, 578 F.Supp. 620, 622 (S.D.Tex.1983); *Castro v. M/V AMBASSADOR*, 657 F.Supp. 886, 887 (E.D.La. 1987); *Grove v. Dixie Carriers, Inc.*, 553 F.Supp. 777, 779 (E.D.La.1982). In these cases, the court upheld eight dollars per day rates as not unreasonable.

Three of the four circuits that have addressed the issue of increased maintenance in the face of a contrary union contract ruled that the contract provision controls. *See Al–Zawkari v. American S.S. Co.*, 871 F.2d 585, 588 (6th Cir.1989); *Macedo v. F/V PAUL AND MICHELLE*, 868 F.2d 519, 522 (1st Cir.1989); *Gardiner v. Sea-Land Service, Inc.*, 786 F.2d 943, 950 (9th Cir.1986). Only one circuit found the collective bargaining agreement non-binding when the seaman could show higher daily expenses. *See Barnes v. Andover Co.*, 900 F.2d 630, 640 (3d Cir.1990).

Accordingly, Guevara's motion for increased rate of maintenance is DENIED.